AO 245B    (Rev. 06/05) Judgment in a Criminal Case
           Sheet 1

# UNITED STATES DISTRICT COURT

FOR THE                              District of              PUERTO RICO

UNITED STATES OF AMERICA             **JUDGMENT IN A CRIMINAL CASE**
V.

JORGE LUIS GARRIDO-SANCHEZ           Case Number:        03-CR-295 (SEC)

                                     USM Number:         01

                                     IGNACIO RIVERA-CORDERO
                                     Defendant's Attorney

**THE DEFENDANT:**

X pleaded guilty to count(s)    THREE (3s) and FIVE (5s) of Superseding Indictment on JUNE 15, 2005

☐ pleaded nolo contendere to count(s) _____
   which was accepted by the court.

☐ was found guilty on count(s) _____
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 20:1097(a); 18:2 | A/A OBTAIN BY FRAUD, AND FALSE STATEMENTS, FUNDS OF THE U.S. DEPARTMENT OF EDUCATION. | 01/2001 | 3 |
| 18:641; 18:2 | A/A EMBEZZLING, STEALING, AND CONVERTING TO HIS OWN MONEY BELONGING TO THE UNITED STATES IN PELL GRANT FUNDS THAT THE DEFENDANTS COVERTED TO HIS OWN USE. | 01/2001 | 5 |

    The defendant is sentenced as provided in pages 2 through ___6___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

X Count(s)    REMAINING    ☐ is   X are dismissed on the motion of the United States.

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

DECEMBER 2, 2005
Date of Imposition of Judgment

S/ Salvador E. Casellas
Signature of Judge

SALVADOR E. CASELLAS, U.S. DISTRICT JUDGE
Name and Title of Judge

DECEMBER 2, 2005
Date

DEFENDANT:      JORGE LUIS GARRIDO-SANCHEZ
CASE NUMBER:    03-CR-295 (1) (SEC)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: **THIRTY THREE (33) MONTHS** AS TO EACH COUNT. SAID TERMS TO BE SERVED CONCURRENTLY WITH EACH OTHER.

- [X] The court makes the following recommendations to the Bureau of Prisons:
  **That defendant serves his sentence at the Southern District of Florida.**

- [X] The defendant is remanded to the custody of the United States Marshal.

- [ ] The defendant shall surrender to the United States Marshal for this district:
  - [ ] at _____ [ ] a.m. [ ] p.m. on _____.
  - [ ] as notified by the United States Marshal.

- [ ] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  - [ ] before 2 p.m. on _____.
  - [ ] as notified by the United States Marshal.
  - [ ] as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:


Defendant delivered _____ to _____

at _____ , with a certified copy of this judgment.


_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
           Sheet 3 — Supervised Release

Judgment—Page __3__ of __6__

DEFENDANT:      JORGE LUIS GARRIDO-SANCHEZ
CASE NUMBER:    03-CR-295 (1) (SEC)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :   THREE (3) YEARS, AS TO EACH COUNT, TO BE SERVED CONCURRENTLY WITH EACH OTHER.

   The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)
- ☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

   If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

   The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
           Sheet 3A — Supervised Release

Judgment—Page __4__ of __6__

DEFENDANT:       JORGE LUIS GARRIDO-SANCHEZ
CASE NUMBER:     03-CR-295 (1) (SEC)

## ADDITIONAL SUPERVISED RELEASE TERMS

1. The defendant shall not commit another Federal, state, or local crime, and observe the standard conditions of supervised release recommended by the United States Sentencing Commission and adopted by this Honorable Court.

2. The defendant shall not unlawfully possess any controlled substances and shall refrain from possessing firearms, destructive devices, and other dangerous weapons.

3. The defendant shall submit to a psychiatric and/or psychological evaluation to determine if treatment is required, and if so, he shall engage in such treatment as arranged and approved by the US Probation Officer until duly discharged by authorized program personnel with the approval of the probation officer.

4. The defendant shall provide the U.S. Probation Officer access to any financial information upon request and shall produce evidence to the U.S. Probation Officer to the effect that income tax returns have been duly filed within his place of residence as required by law.

5. The defendant shall cooperate in the the collection of a DNA sample as directed by the U.S. Probation Officer, pursuant to the Revised DNA Collection Requirements, and Title 18, U.S. Code 3563 (a)(9). The Court waives the requirement for mandatory drug testing in the absence of any evidence of present drug use and the low risk of future abuse of controlled substances.

DEFENDANT:       JORGE LUIS GARRIDO-SANCHEZ
CASE NUMBER:     03-CR-295 (1) (SEC)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | **Assessment** | **Fine** | **Restitution** |
|--------|----------------|----------|-----------------|
| TOTALS | $ 200.00       | $ 0      | $ 160,000.00    |

☐  The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

X  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

   If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| **Department of Education**<br>Attn. Cynthia Logan,<br>Receivables & Cash Receipt<br>Room 4C-110 FOB 6<br>Maryland Ave, SW<br>Washington, DC 20202. | $160,000.00 | Payments are to be made directly to the **Clerk of Court** USDC, District of Puerto Rico, for eventual transfer to the victim. | |
| **TOTALS** | $ 160000 | $ 0 | |

X  Restitution amount ordered pursuant to plea agreement  $ __160,000.00__

☐  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ☐  the interest requirement is waived for the    ☐ fine    ☐ restitution.

   ☐  the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: JORGE LUIS GARRIDO-SANCHEZ
CASE NUMBER: 03-CR-295 (1) (SEC)

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A ☐ Lump sum payment of $ _____ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance    ☐ C,    ☐ D,    ☐ E, or    ☐ F below; or

B ☐ Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

C ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

X The defendant shall forfeit the defendant's interest in the following property to the United States:

**1. One urban lot #544 Located at Morse St. 210, Arroyo, Puerto Rico. Consisting of 1139.5674 Square Meters with a two story concrete building. Found in the Property Registry "Tomo 58, Folio 45, Finca 544"**

**2. US currency funds credited to routing and account #021502341-3003014141 in the name of US Marshals Service located at Santander Mortgage Corp. P.O. Box 192199, San Juan, Puerto Rico, in the amount of approximately $118,741.95 representing the sale of an apartment unit located at PH-C, Building 2, Arroyo Beach Resort, in Arroyo, Puerto Rico.**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff,

v.

[1] JORGE LUIS GARRIDO-SANCHEZ

Defendants.

CRIM. NO. 03-295 (SEC)

## PRELIMINARY ORDER OF FORFEITURE

WHEREAS, on June 15, 2005, the defendant, [1] Jorge Luis Garrido-Sanchez was convicted of Counts Three and Five of the Superceding Indictment.

AND WHEREAS pursuant to Title 21, United States Code, Section 853, and Title 28 United States Code, Section 2461, and based upon the defendant, [1] Jorge Luis Garrido-Sanchez's Plea and Forfeiture Agreement in which he agreed to forfeit to the United States the following property:

   a.   All United States currency funds or other monetary instrument credited to routing and account number 021502341-3003014141 in the name of the United States Marshals Service located at Santander Mortgage Corporation, P.O. Box 192199, San Juan, Puerto Rico, in the amount of approximately $118,741.95, representing the sale of an apartment unit located at PH-C Building 2, Arroyo Beach Resort, in Arroyo, Puerto Rico.

   b.   One urban lot num. 544 Located at Morse St. 210, Arroyo P.R. Consisting of 1139.5674 Square Meters with a Two Story Concrete Building. Found in the Property Registry "Tomo 58, Folio 45, Finca 544."

AND WHEREAS, the United States has made a sufficient showing of the forfeitability of the property in that this amount constitutes property involved in the offenses for which the defendant was convicted, as well as constitutes proceeds traceable to such property;

AND WHEREAS, by virtue of the Conviction, as well as the defendant's Plea and Forfeiture Agreement, the United States is now entitled to possession of said property, pursuant to and Title

United States v. [1] Jorge Luis Garrido-Sanchez,
Criminal No. 03-295 (SEC)
Page 2

21, United States Code, Sections 853, and Title 28, United States Code, Section 2461, as well as Rule 32 (d) of the Federal Rules of Criminal Procedure:

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. That the defendant [1] Jorge Luis Garrido-Sanchez shall forfeit to the United States:

a. All United States currency funds or other monetary instrument credited to routing and account number 021502341-3003014141 in the name of the United States Marshals Service located at Santander Mortgage Corporation, P.O. Box 192199, San Juan, Puerto Rico, in the amount of approximately $118,741.95, representing the sale of an apartment unit located at PH-C Building 2, Arroyo Beach Resort, in Arroyo, Puerto Rico.

b. One urban lot num. 544 Located at Morse St. 210, Arroyo P.R. Consisting of 1139.5674 Square Meters with a Two Story Concrete Building. Found in the Property Registry "Tomo 58, Folio 45, Finca 544."

The United States is hereby authorized to seize the same for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853,

2. That the aforementioned forfeited property is to be held by the United States Marshals Service in their secure custody and control.

3. That pursuant to Title 21 United States Code, Section 853, the United States forthwith shall publish three times for three consecutive weeks in "El Nuevo Dia," a newspaper of general circulation in the island of Puerto Rico, notice of this Order, notice of the U.S. Marshals Service's intent to dispose of the property in such manner as the Attorney General may direct and notice that any person, other than the defendant, having or claiming a legal interest in the above-listed forfeited property must file a petition within the court with thirty (30) days of the publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed

**United States v. [1] Jorge Luis Garrido-Sanchez,**
Criminal No. 03-295 (SEC)
Page 3

by the petitioner under penalty of perjury, and shall set for the nature and extent of the petitioner's right, title or interest in each of the forfeited property and any additional facts supporting the petitioner's claim and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the Order of Forfeiture, as a substitute for published notice as to those persons so notified.

4.  That pursuant to Title 21 United States Code, Section 853(p) in the event that the property mentioned above (A) can not be located upon the exercise of due diligence; (B) has been transferred or sold to, or deposited with, a third party; (C) has been place beyond the jurisdiction of the court; (D) has been substantially diminished in value; or (E) has been commingled with other property which cannot be divided without difficulty, any other property of the defendant up to the value of property shall be forfeited to the United States.

5.  That upon adjudication of all third-party interests, this court will enter a Final Order of Forfeiture pursuant to Title 21, United States Code, Section 853, in which all interests will be addressed.

SO ORDERED on this 17 day of November, 2005.

SALVADOR CASSELLAS
UNITED STATES DISTRICT JUDGE